# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 28, 2018

```
* * * * * * * * * * * * * *
CHERYL NICOSIA, and DAVID        *
NICOSIA, parents of A.N., a minor, *
                                 *    No. 16-1305V
          Petitioners,           *    Special Master Sanders
                                 *
v.                               *    Stipulation for Award; Tetanus-
                                 *    Diphtheria-Acellular Pertussis Vaccine
SECRETARY OF HEALTH              *    ("Tdap"); Meningococcal Conjugate Vaccine
AND HUMAN SERVICES,              *    ("MCV"); Guillain-Barré Syndrome
                                 *    ("GBS")
          Respondent.            *
* * * * * * * * * * * * * *
```

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for Petitioner.
Ann D. Martin, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 11, 2016, Cheryl and David Nicosia, parents of A.N., a minor ("Petitioners") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioners alleged that "receipt of tetanus-diphtheria-acellular pertussis ("Tdap") and/or meningococcal conjugate ("MCV") vaccines" on September 15, 2014 caused A.N. to develop Guillain-Barré Syndrome ("GBS"). *See* Petition at 1, ECF No. 1.

On February 27, 2018, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to petitioner. Stip. at ¶ 7, ECF No. 35. Respondent denies that the vaccine(s) caused A.N. to suffer from GBS or any other injury or condition. *Id.* at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

(a) **A lump sum of $7,500.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Cheryl and David Nicosia; and**

(b) **A lump sum of $98,000.00 in the form of a check payable to petitioners as guardians/conservators of A.N.'s estate.**

*Id.* at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHERYL and DAVID NICOSIA, ) <br> parents of A.N., a minor, ) <br>      ) <br>   Petitioners, ) <br>      ) <br>   v. ) <br>      ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br>      ) <br>   Respondent. ) | No. 16-1305V <br> Special Master Sanders <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor child, A.N., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.N.'s receipt of tetanus-diphtheria-acellular pertussis ("Tdap") and/or meningococcal conjugate ("MCV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. A.N. received Tdap and MCV immunizations on September 15, 2014.

3. The vaccines were administered within the United States.

4. Petitioners allege that the vaccine(s) caused A.N. to develop Guillain-Barre Syndrome ("GBS") and that A.N. experienced residual effects of this condition for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of A.N. as a result of his condition.

6. Respondent denies that the vaccine(s) caused A.N. to suffer GBS or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments for all damages that would be available under 42 U.S.C. § 300aa-15(a):

> a. A lump sum of $7,500.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Cheryl and David Nicosia; and
>
> b. A lump sum of $98,000.00 in the form of a check payable to petitioners as guardians/conservators of A.N.'s estate.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for past unreimbursable expenses and attorneys' fees and costs, the money provided pursuant to this Stipulation will be used solely for the benefit of A.N. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of A.N.'s estate under the laws of the State of Illinois. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of A.N.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of A.N. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of A.N. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of A.N., on their own behalf, and on behalf of A.N., his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and

Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.N. resulting from, or alleged to have resulted from, the Tdap and/or MCV vaccinations administered on September 15, 2014, as alleged by petitioners in a petition for vaccine compensation filed on or about October 11, 2016, in the United States Court of Federal Claims as petition No. 16-1305V.

15.  If A.N. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap and/or MCV vaccines caused A.N. to suffer GBS or any other injury or condition.

19.  All rights and obligations of petitioner hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of A.N.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONERS:

*[signature]*
CHERYL NICOSIA

*[signature]*
DAVID NICOSIA

ATTORNEY OF RECORD FOR PETITIONERS:

*[signature]*
EDWARD KRAUS
Law Offices of Chicago-Kent
College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
Tel: (312) 906-5072

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-1815

Dated: February 27, 2018